UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 04-12270 - WRS
                                                         Chapter 13
JAMES K. ADAMS
ROSEMARY C. ADAMS,

      Debtors

## MEMORANDUM DECISION

This Chapter 13 case is before the Court upon the motion of creditor, Winifred R. Miller ("Miller"), for relief from the automatic stay.[1] (Docs. 39, 46). The Debtors have objected to this motion. (Doc. 41). The matter was called for hearing on June 8, 2005, at the United States Bankruptcy Court, Dothan, Alabama. The Debtors were present by counsel Michael S. Brock. Miller was present by counsel Stephanie A. Willis. Upon consideration of the pleadings and argument of counsel, the Court rules that Miller's motion for relief from the automatic stay is DENIED. (Doc. 39, 46).

---

[1] This is the second stay relief motion filed by Miller. At the hearing on the first motion held on May 4, 2005, there was no mention of any allegation of a default under the contract, except for an outstanding $25.00 property tax bill, which was no longer outstanding by the time of the hearing. (Docs. 26, 33, 34, 35). While there was no assertion that this was a bond for title arrangement in Miller's first motion, Stephanie A. Willis, counsel for Miller, did mention this fact at the hearing. After considering argument the Court concluded that there was no showing of any lack of adequate protection and for that reason denied Miller's motion. (Doc. 31, 33). Miller's second motion states that this was a bond for title arrangement and at the June 8, 2005 hearing Willis stated that the basis for this second motion was that the Debtors were in "default" two months prior to the filing of bankruptcy and for that reason they owned no interest in the contract when the Debtors filed their Chapter 13 petition. (Doc. 39, 41, 45, 46).

## FACTS

On August 14, 2003, James K. Adams and Rosemary C. Adams ("the Debtors"), and Winifred R. Miller entered into a bond for title agreement for the sale of a 14/15 undivided interest in property situated in Geneva County, Alabama. The purchase price for the property was $9,500.00, with a down payment required in the amount of $2,500.00. The contract called for a sixty (60) month payment term due on the 14th of every month. After making eleven (11) regular monthly payments, the Debtors fell behind for the months of August and September, 2004. The Debtors filed a joint Chapter 13 petition in this Court on October 8, 2004. Miller filed the motion for relief from stay now before this Court on May 13, 2005, alleging that at the time the Debtors filed their bankruptcy petition they had no interest in the land because they were two months in arrearage. According to Miller the contract terminated prior to the bankruptcy filing and therefore the contract did not become property of the estate. The Court must now address the question of what interest of the Debtors became property of the estate.

## CONCLUSIONS OF LAW

What is considered to be property of the estate is a question addressed by federal law pursuant to 11. U.S.C. § 541, however state law "stakes out the dimensions of a debtor's interest in property." In re Kane (Kane v. Town of Harpswell), 248 B.R. 216, 222 (B.A.P. 1st Cir. 2000). The Alabama Supreme Court has defined bond for title agreements as "a conditional contract for the sale of land whereby the vendor covenants

to make title to the vendee upon payment of the purchase price." Hicks v. Dunn, 622 So.2d. 914, 915 (Ala. 1993).

Miller argues that the Debtors' interest in the bond for title agreement terminated two months prior to the date the Debtors filed their bankruptcy petition. On this point, a review of the contract terms proves to be instructive. Paragraph 18, the default provision in the contract, provides as follows:

> *. . . . [i]f default of more than sixty (60) days be made in any payment or installment as same becomes due*, or should Buyer fail or refuse to perform any of the agreements, stipulations and covenants herein contained then, this contract or agreement insofar as it relates to the purchase and sale of said property herein described, shall be void at the option of the seller. In the event of any default by Buyer and at the election of Seller to execute this option, notice of such election shall be given in writing by ordinary mail to Buyer at, Buyers address given to Seller pursuant to notice paragraph number 22 of this contract, or delivered in person to Buyer, whereupon Buyer shall be deemed and taken to be a tenant of Seller, or their assigns, and any money paid heretofore on the purchase price of said property shall be deemed as reasonable rental therefore, upon notice of default, Buyer shall vacate the premises immediately.

(Doc. 48, Ex. 1) (emphasis added). Upon consideration of the terms of the contract, the Court finds that the default provision was never triggered and that the contract remains property of the Debtors' estate. See 11 U.S.C. 541. Two facts present in this case mandate the Court's conclusion: 1) the Debtors were not in default for more than sixty (60) days before the filing of their bankruptcy petition and; 2) notice was not given to the Debtors as provided by the terms of the contract. According to the contract, before the seller could elect to treat the contract as void, thereby retaining any payments made as rent while at the same time being released of the obligation to convey title to the property, the Debtors would have had to default under the contract for more than sixty

(60) days.  That did not occur in this case.  The Debtors were in default for the months of August and September, 2004.  The Debtors filed their bankruptcy petition on October 8, 2004.  As the rent was due on the 14th of every month, the Debtors were in default for fifty-five (55) days before the automatic stay went into effect upon the filing of the bankruptcy petition on October 8, 2004.  See 11 U.S.C. 362(a).  Miller has stressed the point that because the Debtors have defaulted, the contract terminated and thus could not have constituted property of the estate. However, the Court finds that no default has occurred here, as the automatic stay went into effect before the sixtieth day.

Even assuming hypothetically that the Debtors did default beyond the sixty (60) day term, this provision still would not have been triggered on these facts because of a failure to provide "written notice" of the seller's option to treat the contract as void. Paragraph 18 of the contact states that "notice of such election [to void the contract] shall be given in writing by ordinary mail to Buyer at, Buyer's address given to Seller pursuant to notice paragraph number 22[2] of this contract, or delivered in person to Buyer…" (Doc. 48, Ex. 1).  Here, the Debtors have not been provided with any written notice of default specified by the contract terms, a fact that is entirely consistent with the Court's conclusion that there was no default in this case.

Other facts present here do not support a finding that Miller lacks adequate protection.  The Debtors took possession of the land upon the signing of the contract and

---

[2] Paragraph 22 of the contract states the following:

> Any and all notices or other communications required or permitted by this Court or by law to be served on or given to either party hereto by the other party hereto shall be in writing and shall be deemed duly served and given when personally delivered to any member of the household of the party to whom it is directed, or in lieu of such personal service when deposited in the United States mail, first-class postage prepaid, addressed to the Buyer at 206 West Palafox Street, Samson, Alabama 36477 or to the Seller at 114 Windsor Drive, Crestview, Florida 32539…

(Doc. 48, Ex. 1).

presently remain on the land. The Debtors were required to make a substantial down payment, in the amount of $2,500.00, which was more than 26 percent of the purchase price. The Debtors consistently paid eleven (11) regular monthly payments up until August, 2004. The Debtors have improved the land by placing their home on it. Furthermore, the Debtors have proposed to pay two remaining payments that are currently in the arrearage through the Debtors' Chapter 13 plan. Considering all of the facts, the Court finds that Miller has adequate protection for her interest in the subject property.

Accordingly, the Debtors' contract is property of the estate[3] and consistent with the Court's conclusion that the contract is in full force and effect due to the fact that the default provision was not triggered, Miller's motion for relief from stay is DENIED. An Order consistent with this Memorandum Decision will be entered by way of a separate document.

Done this 22nd day of June, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Michael S. Brock, Attorney for Debtors
William J. Moore,
Stephanie A. Willis, Attorney for Winifred Miller

---

[3] See In re Mumpfield, 140 B.R. 578, 581 (Bankr. M.D. Ala. 1991) (holding that bond for title contract was property of the estate because debtor had performed the requirements of the contract for over 17 years and breach was not substantial). Cf. In re Parker, No. 03-13899-MAM-13, 2004 Bankr. LEXIS 1128, at *12 (Bankr. S.D. Ala. Mar.3, 2004) (holding that Debtor failed to meet burden of showing that seller waived its rights under installment land contract by accepting late payments).